**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Mark Foster ADKINS, Defendant-Appellant.**

No. 75–1275.

United States Court of Appeals, Tenth Circuit.

Argued Jan. 28, 1976.

Decided March 2, 1976.

David E. Booth, Asst. Federal Public Defender, Albuquerque, N.M. (Winston Roberts-Hohl, Asst. Federal Public Defender, on the brief), for defendant-appellant.

William R. Hughes, Jr., Asst. U.S. Atty., Albuquerque, N.M. (Victor R. Ortega, U.S. Atty., and Don J. Svet, Asst. U.S. Atty., Albuquerque, N.M., on the brief), for plaintiff-appellee.

Before LEWIS, Chief Judge, and BREITENSTEIN and McWILLIAMS, Circuit Judges.

LEWIS, Chief Judge.

Subsequent to entry of a plea of guilty to a violation of the Dyer Act, 18 U.S.C. § 2312, the then twenty-one-year-old defendant was committed to the custody of the Attorney General for evaluation pursuant to 18 U.S.C. § 5010(e),[1] a provision of the Youth Corrections Act. The Fed-eral Youth Corrections Division of the Board of Parole, after a sixty-day period of study and observation of defendant at the Youth Corrections Institute at Englewood, Colorado, reported to the court its opinion that defendant would not benefit from treatment as a youth offender. The court then sentenced defendant as an adult to five years under 18 U.S.C. § 2312 and § 4208 after a specific finding negating benefit under 18 U.S.C. § 5010 and in accord with subsection (d) of that Act as interpreted in *Dorszynski v. United States,* 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855. Defendant attacks the validity of the sentence asserting an absolute right to be sentenced under section 5010(b) or (c) after the trial court has utilized the evaluation process under (e).

We consider defendant's argument to be obviously self-denying in view of the specifics of the Act and the mass of dicta contained in both the opinion and concurring opinion in Dorszynski. To mandate sentencing under subsections (b) or (c) of the Act because the court seeks expert advice as to whether it *should* sentence under these subsections is a contradiction in terms and would completely frustrate the valuable aid intended by subsection (e) and the specific wording of subsection (d).[2] Sentencing under "any other applicable penalty provision" obviously includes 18 U.S.C. § 2312 and § 4208.[3]

Other appellate contentions made by defendant are without merit.

---

1. (e) If the court desires additional information as to whether a youth offender will derive benefit from treatment under subsections (b) or (c) it may order that he be committed to the custody of the Attorney General for observation and study at an appropriate classification center or agency. Within sixty days from the date of the order, or such additional period as the court may grant, the Division shall report to the court its findings. Added Sept. 30, 1950, c. 1115 § 2, 64 Stat. 1087.

2. (d) If the court shall find that the youth offender will not derive benefit from treatment under subsection (b) or (c), then the court may sentence the youth offender under any other applicable penalty provision.

18 U.S.C. § 5010(d).

3. "[T]emporary commitment under § 5010(e) would not deprive the judge of the discretion to sentence the youth outside the Act . . ." *Dorszynski v. United States,* 418 U.S. 424, 439–440 n. 13, 94 S.Ct. 3042, 3051, 41 L.Ed.2d 855, 866.